*E-FILED: March 11, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDER OF NOMURA HOME EQUITY LOAN, INC., HOME EQUITY LOAN TRUST, SERIES 2007-1,<br><br>      Plaintiffs,<br><br>   v.<br><br>FRANK A. PODESTA; DOES 1 to 10, inclusive,<br><br>      Defendants. | No. C13-01064 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |

Defendant Frank A. Podesta removed this unlawful detainer action from the Santa Cruz County Superior Court. For the reasons stated below, the undersigned recommends that this matter be remanded.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. FED. R. CIV. P. 12(h). A case must be remanded to the state court if it appears at any time before final judgment that

the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendant fails to show that removal is proper based on any federal law. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. Defendant contends that plaintiff violated federal law by serving an allegedly defective notice to vacate the premises. Plaintiff's complaint, however, presents claims arising only under state law. It does not allege any federal claims whatsoever. Allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction.

Defendant does not assert diversity jurisdiction under 28 U.S.C. § 1332, but there does not appear to be any basis for it in any event. The complaint indicates that the amount demanded does not exceed $10,000. Moreover, as a California defendant, Andrade cannot remove an action on the basis of diversity. 28 U.S.C. § 1441(b)(2) (an action may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); see also Spencer v. U.S. Dist. Ct., 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Santa Cruz County Superior Court. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SO ORDERED.

Dated: March 11, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:13-cv-01064-HRL Notice has been electronically mailed to:

2  James T. Lee     jamesl@bdfgroup.com

4  5:12-cv-03594-HRL Notice sent on March 11, 2013 by U.S. Mail to:

5  Frank A. Podesta
   349 Canham Road
6  Scotts Valley, CA 95066

United States District Court
For the Northern District of California

3